S. B. McCLELLAND et al., Respondents, v. THE KING SOLOMON GOLD AND SILVER QUARTZ MINING COMPANY, Appellants.

No. 448; March 6, 1865.

Mining Claims—Location.—The "Sixty Days" Mentioned in the mining laws, securing rights, etc., to persons locating claims, are to be computed from the time of the location.

This was an action of ejectment. The plaintiffs alleged entry upon and location of, for mining purposes, "all that certain mining claim, or quartz ledge or lode, lying and being in Prairie District, Yuba County, California, described as follows," etc. At the trial questions were submitted by the court to the jury, answers to which were returned, categorically by way of a special verdict, to the effect that between the 25th of December, 1863, and the 27th of February, 1864, the defendant and its grantors performed two hours' work on the claim; that they were not in actual possession on the 27th of February, 1864, and that they "have not abandoned the claim." The jury further found, as a general verdict, "that the defendants have forfeited their right to the claim by the laws of Prairie Dog Mining District, in which said mining claim is located, also find the right of possession in the plaintiffs." Judgment for the plaintiff followed, and the defendants appealed. As an addition to the special verdict it was then stipulated by the parties that the grantors of the defendants located the ground in dispute on the 25th of December, 1863, by posting notices on the claims described in the complaint according to the mining laws of the district in which said claims were situated; that said notice was recorded on the fourth day of January, 1864, in the office of the district recorder; that the plaintiffs and their grantors located the same ground on the 27th of February, 1864, by posting notices on said claims according to the mining laws of said district; that they recorded the notice in the office of the district recorder on the 28th of February, 1864, commenced work on the claim on that day and were driven off by the defendants on the day following; that all the laws of said mining

district affecting the issues in this case are as follows, viz.:
1. "Every claim, whether by individuals or company, located
shall be recorded in the district within ten days after the date
of location"; and 2. "It shall be necessary for each person or
company to perform, or cause to be performed, one day's
labor on or for each claim of two hundred feet, every sixty
days. But if any person or company shall perform, or cause
to be performed three successive days' labor on each claim
that he or they may possess then the title shall hold good for
one year."

The principal point urged by the appellants was: "There
was no forfeiture under the mining laws, because the sixty
days mentioned therein commenced to run from the 'record-
ing' and not from the 'location.'"

J. O. Goodwin for respondents; F. J. McCann for appel-
lants.

SAWYER, J.—We think the sixty days commenced to run
from the date of the location. If so, the facts appearing in
the verdict and stipulation are sufficient to sustain the judg-
ment.

Judgment affirmed.

We concur: Sanderson, C. J.; Rhodes, J.; Currey, J.;
Shafter, J.